# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2026

Lyle W. Cayce
Clerk

No. 24-30802

Tina Marquardt,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

City of New Orleans,

*Defendant—Appellee/Cross-Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:19-CV-13773, 2:23-CV-5000

_____

Before Elrod, *Chief Judge*, and Richman and Willett, *Circuit Judges*.
Per Curiam:[*]

On remand, the district court entered an amended judgment clarifying that Marquardt is entitled to "no further relief" aside from attorney fees. The judgment "decreed that [Marquardt] ha[d] shown a Takings Clause violation." It is final and reviewable under 28 U.S.C. § 1291.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Marquardt challenges the district court's decision to limit the Takings Clause violation to her permits' express duration. In her view, the permits' stated terms do not limit her nonconforming use so long as that use continues.[1] She thus contends that she may use her property as a short-term rental (STR) indefinitely, notwithstanding the permits' expiration dates. We disagree.

Our precedent forecloses that argument at the outset: Under the City's permitting scheme, an STR permit "is a privilege, not a right." *Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 324 (5th Cir. 2022).

Marquardt's municipal-code argument does not overcome that premise. She relies on the City's Comprehensive Zoning Ordinance (CZO) to argue that she is entitled to continue her nonconforming use indefinitely:

> Notwithstanding any other provision in this ordinance, any structure, use, lot, or sign that existed as a lawful nonconformity at the time of the adoption of this Ordinance, and any structure, use, lot, or sign that has been made nonconforming because of the terms of this Ordinance or any subsequent amendment may continue to be subject to the provisions of this Article so long as it remains otherwise lawful.

New Orleans CZO § 25.2.C.

But that provision does not settle the matter. It says only that a nonconforming use "may continue," not that it must continue in perpetuity. *Id*. Louisiana law points in the same direction: A nonconforming use is "viewed narrowly," with "all doubts resolved against continuation or expansion of the nonconformity." *Redfearn v. Creppel*, 455 So.2d 1356, 1359 (La. 1984). Because neither the City Code nor Louisiana caselaw blesses

---

[1] Marquardt acknowledges that the "express term" of her January 2023 permits was set to expire in January 2024.

Marquardt's claimed perpetual nonconforming use, she may not operate STRs beyond her permits' expiration dates.[2]

Nor, for present purposes, does it matter whether we use Marquardt's claimed expiration date or the City's.[3] Under either theory, Marquardt continued operating well past the relevant date because the City agreed to honor the existing injunctions and refrain from enforcing the new lottery-based permitting scheme while the summary-judgment motions remained pending. Marquardt was thus able to operate her STRs until February 28, 2024—the day the district court issued its opinion. The district court therefore did not err in cabining the constitutional violation accordingly.

As to the City's challenge of the fee award, that argument is forfeited. In the district court, the City argued only that any fee award should be "significantly reduced" because of poor bookkeeping, not that no fee should be awarded at all. Nor did the City challenge Marquardt's status as a prevailing party. It raises those arguments only on appeal, and we "will not consider arguments first raised on appeal . . . ." *Estate of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018) (citation omitted).

Accordingly, we AFFIRM the district court's ruling limiting the Takings Clause violation to three days, and we AFFIRM the district court's attorney-fee award.

---

[2] Our holding is narrow. Marquardt identifies no authority answering whether Louisiana law recognizes a property right to a nonconforming use that is independently enforceable under the Takings Clause, and neither party asks us to certify that question to the Louisiana Supreme Court. This case might look different, for example, if Marquardt's STR use pre-dated any STR licensing scheme, or if the licensing scheme she invokes were mandatory rather than discretionary.

[3] The City and the district court used August 31, 2023 as the operative expiration date because, in April 2023, the City declared that all pre-Ordinance permits would expire on that date, regardless of their stated expiration dates.